*598 OPINION.
Seawell:
The petitioner is here seeking to be allowed a deduction from gross income on account of contributions made to Survey Associates, Inc., his contention being that the aforementioned corpora *599 tion comes within the classification of charitable or educational corporations contemplated by section 214 (a) (10) of the Revenue Act of 1924, which provides for a deduction on account of a contribution to:
* * * (B) any corporation, or trust, or community cliest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual; * * ⅜
We have heretofore held that in order for a corporation to come within the purview of the above statute it must meet three tests: (a) It must be organized and operated for one or more of the specified purposes; (b) it must be organized and operated exclusively for such purpose or purposes; and (c) no part of its income must inure to the benefit of private stockholders or individuals. Herbert E. Fales, 9 B. T. A. 828. There is no question as to any failure to satisfy the third test; not only is this prohibited by the articles of incorporation, but also there was no income available for the year with which we are concerned which might be the subject of distribution, and the same seems to be true of other years. It is only because of the contributions received that the corporation is able to balance its budget and continue its activities. The petitioner’s answer to qualification under the other two tests is that the corporation in question was organized and operates exclusively for educational and charitable purposes, whereas the Commissioner takes the opposite position. On a consideration of the entire record, which includes testimony as to the history and activities of the corporation and also copies of the magazines which were circulated for the year before us, as well as certain subsequent issues, we are of the opinion that the petitioner’s contention should be sustained.
We do not consider it here necessary to say that the corporation is to be considered as exclusively educational or charitable in its nature; either is sufficient in itself, or we think it likewise sufficient if its activities are partly educational and partly charitable, provided the whole of its activities may be included under these two classifications. It is rather in the last-named class that the corporation would seem to fall. Of course, there is nothing of charity here in the sense of directly giving money, sustenance or medical aid to the needy, but we do not conceive the foregoing to be exclusive means of dispensing charity. For example, when the corporation made a study of a given disease and as a result of its research work caused to be brought about a movement which gave to humanity— both rich and poor — incalculable good, we fail to see where a very broad definition of the word charity is required to bring this work within its meaning. It was an unselfish service rendered for the *600 good of mankind without any hope or thought on the part of the organization rendering such service of compensation being received therefor. What is given is service and ideas — not commodities. Similar comments might be made of the great majority of the activities carried on by the corporation, though often the charity element may be almost, if not entirely, absent and only the educational element would appear. Of course, the educational methods pursued are not those commonly followed in our institutions of learning, but similar results are accomplished. And, again, it might be said that the education is not of the masses whom the organization would usually benefit, but rather a limited class that is interested in the study of a given economic or social problem, but it is by the enlightened information furnished these groups that they are led to act for the good of all. The magazines are used for textbook material in many institutions of learning, lectures are given before various interested groups, and the results of the research work are disseminated through the magazines. As heretofore stated, most of the subjects dealt with are noncontroversial in character, but on the .few controversial questions considered an impartial, fact-finding survey is made and both sides of the question are presented without any show of partisanship or attempt to influence the adoption of a particular solution to the problem other than as the facts warrant. Such activities may closely approach the commonly understood field of journalism, though a distinction should not usually be difficult to draw between the ordinary journalistic corporation, where commercialism and profit are involved or where controversial questions are sought to be solved in a particular manner, or ¿where other similar distinguishing features exist, and a corporation such as we are here concerned with.
The respondent relies on Herbert E. Fales, supra, and J. Noah H. Slee, 15 B. T. A. 710. The Fates case involved donations to various clubs and organizations which had features which placed them beyond the purview of the statute as exclusively educational or charitable organizations. One club was partly social and partly educational, and the other organizations disseminated controversial or partisan propaganda or were engaged in political activities. The Slee case had to do with donations to the American Birth Control League, an organization engaged by means of lobbying and propaganda in the furtherance of a cause highly controversial in character. Similarly, we denied a deduction to the League for Industrial Democracy (Bertha Poole Weyl, 18 B. T. A. 1092), but the organization was not only decidedly partisan in character, but also advocated drastic political and economic changes which are contrary to the existing economic theories and practices upon which our society is founded and which pervade our system of government.
*601 On the whole, we are satisfied that the Survey Associates, Inc., is a corporation organized and operated exclusively for charitable or educational purposes and that contributions made thereto by the petitioner in 1924 are deductible from gross income under the provisions of section 214 (a) (10) of the Revenue Act of 1924. Cf. Rose D. Forbes, 7 B. T. A. 209, and George E. Turnure, 9 B. T. A. 871.

Judgment will be entered under Rule 50.